**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
District of

Case number (*If known*): _____   Chapter 7

☐ Check if this is an amended filing

Official Form 105

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

| **Part 1:** | **Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed** |
|---|---|

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☑ Chapter 7
   ☐ Chapter 11

| **Part 2:** | **Identify the Debtor** |
|---|---|

2. **Debtor's full name**

   David
   First name

   Henry
   Middle name

   Dewhurst
   Last name

   III
   Suffix (Sr., Jr., II, III)

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed, married, maiden, or trade names, or *doing business as* names.

   _____
   _____
   _____

4. **Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN)**

   ☐ Unknown

   xxx – xx – 2 3 5 9       OR       9 xx – xx – ____ ____ ____ ____

5. **Any Employer Identification Numbers (EINs) used in the last 8 years**

   ☑ Unknown

   EIN ___ – ___ ___ ___ ___ ___ ___ ___

   EIN ___ – ___ ___ ___ ___ ___ ___ ___

Debtor    <u>David Henry Dewhurst III</u>                          Case number *(if known)*_____

| | | |
|---|---|---|

**6.  Debtor's address**

| Principal residence | Mailing address, if different from residence |
|---|---|

<u>1913 Revere St.</u>
Number        Street

_____

<u>Houston</u>                    <u>TX</u>      <u>77019</u>
City                              State      ZIP Code

<u>Harris County</u>
County

_____
Number        Street

_____

_____
City                                    State      ZIP Code

**Principal place of business**

<u>109 N. Post Oak Lane</u>
Number        Street

<u>Suite 540</u>

<u>Houston</u>                    <u>TX</u>      <u>77024</u>
City                              State      ZIP Code

<u>Harris County</u>
County

---

**7.  Type of business**

☐  Debtor does not operate a business

*Check one if the debtor operates a business:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑  None of the above

---

**8.  Type of debt**

**Each petitioner believes:**

☐  **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑  **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

---

**9.  Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☑  No
☐  Yes. Debtor _____   Relationship _____

District _____  Date filed _____   Case number, if known_____
                                          MM / DD / YYYY

Debtor _____   Relationship _____

District _____  Date filed _____   Case number, if known_____
                                          MM / DD / YYYY

---

Debtor   David Henry Dewhurst III _____   Case number (if known)_____

| **Part 3:** | **Report About the Case** |

**10. Venue**

Reason for filing in this court.

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Cotemar, S.A. de C.V. | Final judgment related to guaranties. See Addendum for further information. | $ 6,250,000.00 |
| | | $ |
| | | $ |
| | Total | $ |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

Debtor      David Henry Dewhurst III                                    Case number (if known)_____

| **Part 4:** | **Request for Relief** |

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

✗ _____
Signature of petitioner or representative, including representative's title

Cotemar, S.A. de C.V. , by Juan Antonio del
Printed name of petitioner  Hoyo Huidobro, as Sub-Director

Date signed   06/01/2022
              MM / DD /YYYY

**Mailing address of petitioner**

Ave. Paseo de la Reforma No. 483, Col. Cuauhtemoc
Number   Street

Mexico City                          06500
City                      State           ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone    _____

Email            _____

**Name and mailing address of petitioner's representative, if any**

Name    _____

Number   Street

City                      State           ZIP Code

**Attorneys**

✗ _____
Signature of attorney

Mark D. Taylor
Printed name

Baker & McKenzie LLP
Firm name, if any

1900 North Pearl Street, Suite 1500
Number   Street

Dallas                        TX      75201
City                          State      ZIP Code

Date signed   06/01/2022
              MM / DD / YYYY

Contact phone   (214) 978-3089  Email mark.taylor@bakermckenzie.com

Debtor   David Henry Dewhurst III _____   Case number *(if known)*_____

---

✖ _____

Signature of petitioner or representative, including representative's title

Printed name of petitioner _____

Date signed _____
MM / DD / YYYY

**Mailing address of petitioner**

_____
Number    Street

_____
City                        State                    ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City             State ZIP Code

✖ _____

Signature of Attorney

Printed name _____

Firm name, if any _____

_____
Number    Street

_____
City                        State                    ZIP Code

Date signed _____
MM / DD / YYYY

Contact phone _____  Email _____

---

✖ _____

Signature of petitioner or representative, including representative's title

Printed name of petitioner _____

Date signed _____
MM / DD / YYYY

**Mailing address of petitioner**

_____
Number    Street

_____
City                        State                    ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City                        State                    ZIP Code

✖ _____

Signature of Attorney

Printed name _____

Firm name, if any _____

_____
Number    Street

_____
City                        State                    ZIP Code

Date signed _____
MM / DD / YYYY

Contact phone _____  Email _____

---

## ADDENDUM TO INVOLUNTARY PETITION

1.    On or about April 5, 2018, Cotemar, S.A. de C.V. (the "***Petitioning Creditor***") executed business cooperation letters with Falcon Seaboard Permian Fund I, L.P. ("***FS Permian***") and Falcon Seaboard Diversified, Inc. ("***FS Diversified***", and together with FS Permian, the "***FS Companies***"), whereby the Petitioning Creditor would advance the FS Companies $5,000,000 to pursue business ventures in upstream oil and gas and to collaborate jointly on the operation of certain new oil and gas wells for a period of five years.

2.    On or about April 5, 2018, the FS Companies each signed a promissory note (the "***Promissory Notes***") whereby the FS Companies agreed to repay the principal amount advanced of $5,000,000, plus interest accruing at a 10% fixed annual rate.

3.    On or about April 5, 2018, David Henry Dewhurst III ("***Dewhurst***") signed personal and unconditional guaranties (the "***Guaranties***") as to each of the Promissory Notes for the full amount of the debt owed by the FS Companies.  The Guaranties provided that Dewhurst guaranteed full payment within 30 days of a demand for the same amount of all debts owed by the FS Companies under the Promissory Notes.  Copies of the Guaranties are attached hereto as Exhibit A.

4.    Dewhurst serves as the managing member of FS Permian Fund I GP, LLC, which is the general partner of FS Permian.

5.    Dewhurst serves as the president of FS Diversified.

6.    On or about October 10, 2018, a wholly owned subsidiary of FS Diversified made a payment of $250,000.00 to the Petitioning Creditor.  No subsequent payments have since been made on the Promissory Notes, and the FS Companies defaulted on their obligations.

7.    On April 27, 2021, the Petitioning Creditor sent a written notice to FS Permian, demanding payment of the entire amount owed, which included the full amount of unpaid principal of

$5,000,000, plus interest calculated through the date of the demand.  On that same day, pursuant to the Guaranties, the Petitioning Creditor issued a written demand to Dewhurst that he pay all amounts due as guarantor of FS Permian's obligations under the Promissory Notes.

8.   On October 2, 2021, the Petitioning Creditor made a second demand for payment from FS Permian and Dewhurst.

9.   On October 18, 2021, the Petitioning Creditor issued a demand letter for repayment to FS Diversified.

10. On October 20, 2021, pursuant to the Guaranties, the Petitioning Creditor issued a demand letter for repayment to Dewhurst as guarantor of FS Diversified's obligations under the Promissory Notes.

11. On October 29, 2021, the Petitioning Creditor filed a state court action styled *Cotemar, S.A. De C.V. and Lifting International LLC v. Falcon Seaboard Permian I, LP et al.*, Cause No. 2021-71562 (the "***State Court Action***") in the District Court of Harris County, Texas (the "***District Court***").  The State Court Action included causes of action seeking damages in excess of $6,000,000 from Dewhurst pursuant to the Guaranties.

12. On April 18, 2022, the District Court entered a default judgment (the "***Judgment***") against Dewhurst, among others, in the amount of $6,250,000.

13. On May 18, 2022, the Judgment became final and non-appealable.  A copy of the Judgment is attached hereto as Exhibit B.

**EXHIBIT "A"**

DAVID DEWHURST

109 NORTH POST OAK LANE, SUITE 540

HOUSTON, TEXAS 77024

## UNCONDITIONAL GUARANTY AGREEMENT

DAVID H. DEWHURST ("Guarantor"), hereby irrevocably and unconditionally guarantees to COTEMAR, S.A. DE C.V. ("Lender") and its assigns the prompt payment when due of all outstanding principal, interest, and attorneys' fees, owing by Falcon Seaboard Diversified, Inc., a Texas corporation ("Borrower") to Lender arising under that certain Promissory Note of even date herewith, in the original principal amount of FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00), executed by Borrower and payable to Lender and any renewals, modifications, increases and extensions thereof or of any portion thereof (the "Guaranteed Debt"), subject to the terms and conditions herein set forth.

This instrument shall be an absolute, continuing, irrevocable, and unconditional guaranty, of payment and performance and not a guaranty of collection, and Guarantor shall remain liable on its obligations hereunder until the payment and performance in full of the Guaranteed Debt.

If an Event of Default (as defined in the Note) exists, Guarantor shall pay the amount of the Guaranteed Debt then due and payable to Lender within thirty (30) days of written demand in lawful money of the United States without (a) further notice of dishonor, to Guarantor, (b) any prior notice to Guarantor of the acceptance by Lender of this Guaranty Agreement, (c) any notice having been given to Guarantor prior to such demand of the creating or incurring of such Guaranteed Debt, or (d) notice of intent to accelerate or notice of acceleration to Guarantor or Borrower. It shall not be necessary for Lender, in order to enforce such payment by Guarantor, to first to institute suit or exhaust its remedies against Borrower.

Guarantor represents and warrants that it has received or will receive direct or indirect benefit from the making of this Guaranty Agreement and the creation of the Guaranteed Debt, that Guarantor is familiar with the financial condition of Borrower and that except as herein set forth, Lender has made no representations to Guarantor in order to induce Guarantor to execute this Guaranty Agreement.

In the event that Guarantor should breach or fail to timely perform any provisions of this Guaranty Agreement, Guarantor shall, immediately upon thirty (30) days written demand by Lender, pay Lender all costs and expenses (including court costs and reasonable attorneys' fees) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder. The covenant contained in this paragraph shall survive the payment of the Guaranteed Debt.

No amendment or waiver of any provision of this Guaranty Agreement shall in any event be effective unless the same shall be in writing and signed by Lender and Guarantor. No failure or delay on the part of Lender in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise hereunder preclude any other or further exercise

thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

This Guaranty Agreement shall be governed by the laws of the State of Texas, and shall be binding upon the parties hereto and their respective successors and assigns. Any dispute arising out of or in connection with this Guaranty Agreement shall be resolved in the state courts of the state of Texas.

Notwithstanding anything to the contrary contained herein, this Guaranty Agreement shall be effective only upon funding of at least FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00) of the Note on or before April 11, 2018, and if such FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00) is not fully funded by such date, this Guaranty Agreement shall be null and void.

All notices, requests and other communications shall be in writing and mailed by certified mail, electronically transmitted by e-mail with confirmation of receipt, or delivered by courier.

Any such notice shall be sent to the address specified for notices specified below, or to such other address as shall be designated by a party in a written notice to the other party per the terms hereof.

The addresses for notice are as follows:

    **Guarantor:**

    David H. Dewhurst
    Falcon Seaboard Diversified, Inc.
    109 N. Post Oak Lane, Suite 540
    Houston, Texas 77024
    dh.dewhurst@falconseaboard.com

    With a copy to:

    E.H. (Gene) Dewhurst
    Falcon Seaboard Diversified, Inc.
    N. Post Oak Lane, Suite 540
    Houston, Texas 77024
    gdewhurst@falconseaboard.com

    **Lender:**

    Alejandro Villarreal Martinez,
    Chief Executive Officer
    Cotemar, S.A. de C.V.
    Ave. Paseo de la Reforma No. 483,
    Torre Reforma level 52,

Col. Cuauhtemoc,
Ciudad de Mexico,
CP 06500, Mexico.
avillarreal@cotamar.com.mx

With a copy to:

jdelhoyo@cotemar.com.mx

*[Signatures are on the following page]*

Executed effective as of the _____ day of April, 2018.

GUARANTOR:

Name:  David H. Dewhurst

AGREED and ACCEPTED:

COTEMAR, S.A. DE C.V.

By:_____
        Alejandro Villarreal,
        President and Chief Executive Officer

Signature Page to Guaranty Agreement

## UNCONDITIONAL GUARANTY AGREEMENT

DAVID H. DEWHURST ("Guarantor"), hereby irrevocably and unconditionally guarantees to COTEMAR, S.A. DE C.V. ("Lender") and its assigns the prompt payment when due of all outstanding principal, interest, and attorneys' fees, owing by Falcon Seaboard Permian Fund I, L.P., a Texas corporation ("Borrower") to Lender arising under that certain Promissory Note of even date herewith, in the original principal amount of FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00), executed by Borrower and payable to Lender and any renewals, modifications, increases and extensions thereof or of any portion thereof (the "Guaranteed Debt"), subject to the terms and conditions herein set forth.

This instrument shall be an absolute, continuing, irrevocable, and unconditional guaranty, of payment and performance and not a guaranty of collection, and Guarantor shall remain liable on its obligations hereunder until the payment and performance in full of the Guaranteed Debt.

If an Event of Default (as defined in the Note) exists, Guarantor shall pay the amount of the Guaranteed Debt then due and payable to Lender within thirty (30) days of written demand in lawful money of the United States without (a) further notice of dishonor, to Guarantor, (b) any prior notice to Guarantor of the acceptance by Lender of this Guaranty Agreement, (c) any notice having been given to Guarantor prior to such demand of the creating or incurring of such Guaranteed Debt, or (d) notice of intent to accelerate or notice of acceleration to Guarantor or Borrower. It shall not be necessary for Lender, in order to enforce such payment by Guarantor, to first to institute suit or exhaust its remedies against Borrower.

Guarantor represents and warrants that it has received or will receive direct or indirect benefit from the making of this Guaranty Agreement and the creation of the Guaranteed Debt, that Guarantor is familiar with the financial condition of Borrower and that except as herein set forth, Lender has made no representations to Guarantor in order to induce Guarantor to execute this Guaranty Agreement.

In the event that Guarantor should breach or fail to timely perform any provisions of this Guaranty Agreement, Guarantor shall, immediately upon thirty (30) days written demand by Lender, pay Lender all costs and expenses (including court costs and reasonable attorneys' fees) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder. The covenant contained in this paragraph shall survive the payment of the Guaranteed Debt.

No amendment or waiver of any provision of this Guaranty Agreement shall in any event be effective unless the same shall be in writing and signed by Lender and Guarantor. No failure or delay on the part of Lender in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise hereunder preclude any other or further exercise



thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

This Guaranty Agreement shall be governed by the laws of the State of Texas, and shall be binding upon the parties hereto and their respective successors and assigns. Any dispute arising out of or in connection with this Guaranty Agreement shall be resolved in the state courts of the state of Texas.

Notwithstanding anything to the contrary contained herein, this Guaranty Agreement shall be effective only upon funding of at least FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00) of the Note on or before April 11, 2018, and if such FIVE MILLION AND NO/100 DOLLARS (USD $5,000,000.00) is not fully funded by such date, this Guaranty Agreement shall be null and void.

All notices, requests and other communications shall be in writing and mailed by certified mail, electronically transmitted by e-mail with confirmation of receipt, or delivered by courier.

Any such notice shall be sent to the address specified for notices specified below, or to such other address as shall be designated by a party in a written notice to the other party per the terms hereof.

The addresses for notice are as follows:

### Guarantor:

David H. Dewhurst
Falcon Seaboard Permian Fund I, L.P.
109 N. Post Oak Lane, Suite 540
Houston, Texas 77024
dh.dewhurst@falconseaboard.com

With a copy to:

E.H. (Gene) Dewhurst
Falcon Seaboard Permian Fund I, L.P.
109 N. Post Oak Lane, Suite 540
Houston, Texas 77024
gdewhurst@falconseaboard.com

### Lender:

Alejandro Villarreal Martinez,
Chief Executive Officer
Cotemar, S.A. de C.V.
Ave. Paseo de la Reforma No. 483,
Torre Reforma level 52,



Col. Cuauhtemoc,
Ciudad de Mexico,
CP 06500, Mexico.
avillarreal@cotamar.com.mx

With a copy to:

jdelhoyo@cotemar.com.mx

*[Signatures are on the following page]*



Executed effective as of the 5 day of April, 2018.

GUARANTOR:

Name:  David H. Dewhurst

AGREED and ACCEPTED:

COTEMAR, S.A. DE C.V

By:

    Alejandro Villarreal,
    President and Chief Executive Officer

Signature Page to Guaranty Agreement

**EXHIBIT "B"**

4/18/2022 11:57:22 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63642032
By: TOLMAN, TAMMY E
Filed: 4/18/2022 11:57:22 AM

Pgs-3

5

CAUSE NO. 2021-71562

| | | |
|---|---|---|
| COTEMAR, S.A. DE C.V. and LIFTING INTERNATIONAL LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| FALCON SEABOARD PERMIAN FUND I, L.P., FALCON SEABOARD DIVERSIFIED, INC., FALCON SEABOARD PFI BLOCKER, LLC, FALCON SEABOARD HOLDINGS, LLC, and DAVID H. DEWHURST. | § § § § § § § | |
| Defendants. | § § | 190th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On this date, the Court considered Plaintiffs Cotemar, S.A. de C.V. ("Cotemar") and

Lifting International LLC's ("Lifting") (together, the "Plaintiffs") Motion for Entry of Default

Judgment against Defendant David H. Dewhurst ("Dewhurst") and Amended Motion for Entry of

Default Judgment against Defendants Falcon Seaboard Permian Fund I, L.P., Falcon Seaboard

Diversified, Inc., Falcon Seaboard PFI Blocker, LLC, and Falcon Seaboard Holdings, LLC

(collectively, the "Corporate Defendants"). Having considered the Motions for Default, the

pleadings, and the record in this case, the Court finds that the Dewhurst and the Corporate

Defendants were duly and legally cited to appear and answer, Proof of Service as to each of the

Defendants has been on file with the clerk at least ten (10) days, excluding the day of filing and

today, and the damages alleged in Plaintiffs' Original Petition are liquidated. The Court finds that

Dewhurst and the Corporate Defendants have not filed an answer or any pleadings constituting an

answer and have not entered an appearance. The Court therefore finds that Dewhurst and the

Certified Document Number: 101502595 - Page 1 of 3

1

Corporate Defendants are in default and that the allegations in Plaintiffs' Original Petition are deemed admitted.

The Court further finds that Plaintiff Cotemar has sufficiently proven its liquidated damages of $6,250,000.00 against Dewhurst and the Corporate Defendants. The Court also finds that Plaintiff Lifting has sufficiently proven its liquidated damages of $500,000.00, plus prejudgment interest in the amount of $11,712.33 USD, against Falcon Seaboard PFI Blocker, LLC.

Accordingly, the Court finds that the respective Motions for Default against Dewhurst and the Corporate Defendants should be, and hereby are, GRANTED and that a default judgment should be entered in favor of Plaintiffs.

It is therefore:

ORDERED, ADJUDGED, AND DECREED that Plaintiff Cotemar has and recovers $6,250,000.00 against and from David Dewhurst and each of the Corporate Defendants as damages jointly and severally; it is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff Lifting has and recovers $500,000.00 against and from Falcon Seaboard PFI Blocker, LLC as damages with prejudgment interest of $11,712.33 USD.

Plaintiffs are further entitled to post-judgment interest thereon at the rate of five percent (5%) per annum from the date of this judgment until paid, together with attorneys' fees and all costs of court.

Certified Document Number: 101502595 - Page 2 of 3

Plaintiffs are allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

This judgment is final, disposes of all claims and all parties, and is appealable.

Signed on this ___ day of April, 2022.

Signed:
4/18/2022

_____
JUDGE PRESIDING



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 21, 2022

Certified Document Number:        101502595 Total Pages: 3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. _____ |
| DAVID HENRY DEWHURST III, | ) | |
| | ) | Chapter 7 |
| _____Debtor._____ | ) | |

**CORPORATE OWNERSHIP STATEMENT**

**COME NOW**, Cotemar, S.A. de C.V. ("***Cotemar***"), pursuant to Bankruptcy Rule 1010(b),

submits this Corporate Ownership Statement containing the information required by Bankruptcy

Rule 7007.1, and states that the following entity (other than governmental units) directly or

indirectly owns ten percent (10%) or more of any class of Cotemar's equity interests:

1. GCM SAPI, a holding company formed under the laws of Mexico, is the 100% equity
   holder of Cotemar. GCM SAPI is wholly owned by FISO INVEX F/2864, a trust
   established under the laws of Mexico.

Dated: June 3, 2022

BAKER & MCKENZIE LLP
By:  _/s/ Mark D. Taylor_
Mark D. Taylor
State Bar No.: 19713250
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201

Frank Grese (*pro hac vice* application pending)
Richard Solow (*pro hac vice* application pending)
452 Fifth Avenue
New York, New York 10018
*Counsel for Cotemar S.A. de C.V.*